# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO. 3:09-cr-064-03 |
| DION DAKOTA JOHNSON, | (JUDGE CAPUTO) |
| Defendant. | |

## MEMORANDUM ORDER

Defendant Johnson has filed a Motion for Leave to File a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Docs. 383 & 384). In particular, as Johnson is now outside Section 2255's one-year statute of limitations, he is seeking to have this period tolled to the extent he was incapacitated due to his medication.

Section 2255's one-year statute of limitations that is subject to equitable tolling only in exceptional circumstances. *Yao v. U.S.*, No. 10-3145, 2011 WL 4712203 at *3 (E.D. Pa. Oct. 7, 2011) (citing *Holland v. Florida*, 130 S.Ct. 2549 (2010)). Equitable tolling is only appropriate where "principles of equity would make the rigid application of a limitation period unfair." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted); *McAleese v. Brennan*, 483 F.3d 206, 219 (3d Cir. 2007). Specifically, it applies where: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." *United States v. Crute*, 169 Fed. Appx. 105, 108 (3d Cir. 2006) (citation omitted). Equitable tolling should be invoked "only sparingly," *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. Pa. 1998) (citing *Irwin v.*

*Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)), and is appropriate solely where a "petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights,'" *Miller*, 145 F.3d at 618 (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). A lack of familiarity with law is not sufficient, *U.S. v. Kimbrew*, No. 07-163, 2010 WL 2773149 at *2 (July 13, 2010), nor is attorney malfeasance alone, *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Finally, an untimely petitioner must show that they were nevertheless diligent–"excusable neglect is not sufficient." *Id.*

As no brief was filed in support of this Motion, the Court cannot properly evaluate the merits of Defendant's Motion. Moreover, such a brief is required under Middle District Local Rule 7.5 ("Submission of Briefs Supporting Motions"), which directs that a motion shall be deemed to be withdrawn if not accompanied by a supporting brief within the proper period.

Therefore, in light of the need for briefing on this Motion, the Court will direct Defendant Johnson to submit a brief in support of his Motion. An appropriate order follows.


 March 6, 2012                                         /s/ A. Richard Caputo
Date                                                         A. Richard Caputo
                                                                United States District Judge